# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0028V
Filed: April 27, 2018
UNPUBLISHED

|  |  |
|---|---|
| ELLEN SNYDER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 9, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered Guillain-Barre Syndrome as a result of an influenza vaccine received on September 24, 2015.  Petition at 1-4.  On March 12, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.  (ECF No. 33).

On April 17, 2018, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 37).   Petitioner requests attorneys' fees in the amount of $49,979.00 and attorneys' costs in the amount of $17,829.02.  *Id.* at 3.  In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 3. Thus, the total amount requested is $67,808.02.

On April 18, 2018, respondent filed a response to petitioner's motion. (ECF No. 38).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. The undersigned has previously decreased an award of attorneys' fees for vagueness.  *Mostovoy*, 2016 WL 720969; *Barry v. Sec'y of Health and Human Servs.*, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries).  An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl.Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed.  *Id.* at *8.

That same standard is held for experts retained by petitioner's counsel. The invoice provided from life care planner, Hurley Consulting, provides little detail about the work that was performed and billed for. In this case, the undersigned determines that the amount charged by the life care planner is reasonable given the complexity of the case and the invoice shall be paid in full. However, counsel is cautioned to ensure that any future life care planners or other expert costs incurred are contemporaneously documented with detailed billing records and that counsel will consult with the court prior to incurring such expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $67,808.02[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Lawrence R. Cohan.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.